■ In the Matter of the Claim of RUTH M. BOSCO, Respondent, against GENERAL ELECTRIC COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by self-insured employer from a decision and award made by the Workmen's Compensation Board upon findings that claimant, a cafeteria worker, became disabled as a result of dermatitis caused by contact with cleaning substances and that "As a further result of such contact she sustained a permanent partial disability due to sensitivity to soaps, detergents, and other cleaning substances". The appellant contends that the finding of permanent partial disability is not supported by substantial evidence. By memorandum decision filed January 18, 1955, the board held that there was substantial medical evidence of permanent partial disability and returned the case to a referee's calendar for determination of the degree of disability. On July 20, 1955, the referee awarded for permanent partial disability. Prior to that determination the record contained the testimony or reports of nine physicians. In them we find no medical proof of any permanent disability and the board's decision filed January 18, 1955 was clearly without foundation in fact. Actually, such medical proof as related to permanence was that none existed. Subsequent to the referee's determination of July 20, 1955, and, also, to the date of the employer's appeal to this court, one of the physicians who had previously filed two reports in which he failed to answer the question on the report form as to permanence, filed a report dated August 30, 1955 in which he answered that question: "Chronic dermatitis hypersensity [sic]." The board's formal findings, apparently based on its memorandum decision filed January 18, 1955, were dated January 31, 1956. The Attorney-General relies on the August 30, 1955 report but obviously it cannot be used to bolster the board's decision filed many months before. The board's later decision, filed September 21, 1955, denied a further application for review and was expressly predicated on the determination of the referee made prior to the date of the medical report. In the light of all the proof, the three-word finding of chronic dermatitis hypersensitivity would not, in any event, have constituted substantial evidence. Given without explanation or other amplification, it was little more than a categorical contradiction of other medical proof, which had been propounded in some detail as to the somewhat unusual medical problem involved. Upon a rehearing, the medical proof should explore not only the question of permanence but, also, appellant's medical theory that claimant suffers from a pre-existing condition, whether of allergy or sensitivity as described by one physician or of a below normal tolerance for solvents as expressed by another, and that any award for permanent disability would necessarily and improperly constitute compensation for the underlying condition. Appellant has not questioned the awards made for temporary disability and concedes that recurrent attacks of dermatitis, if caused by the employment, are compensable as for temporary disability arising from an occupational disease. (Workmen's Compensation Law, § 3, subd. 2, par. 27.) We are constrained to note that the board's memorandum decision stated that there was "substantial medical evidence for a finding" of permanent disability. In addition, the board's findings include the following:

"The permanent partial disability sustained by the claimant was supported by substantial evidence." While these statements were doubtless inadvertent, they might otherwise indicate the board's misapprehension of its duty to determine the preponderance of the evidence. Decision and award reversed and case remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellant against the Workmen's Compensation Board. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.